IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BASHIR'S INC. d/b/a 40th STREET GROCERY; BASHIR ABDOSALE MOHAMMED; MOSHEN MUSA,** | } } } } |
| Plaintiffs, | } } |
| v. | } } |
| **HUSAN SHARIF, as the personal representative of the ESTATE OF TAWFIQ AHMED SHARIF, deceased,** | } } } } |
| Intervenor/Plaintiff, | } }   Case No.: 2:09-CV-536-RDP |
| v. | } } |
| **NATIONWIDE MUTUAL INSURANCE COMPANY,** | } } } |
| Defendant. | } |

## MEMORANDUM OPINION

As noted in the court's June 27, 2012 order (Doc. # 108), Defendant's arguments with respect to the bad faith claims in its Motion for Judgment as a Matter of Law at the Close of Plaintiffs' Case (Doc. # 88) remain pending. In that order, the court permitted the parties to submit supplemental briefing on the remaining issues. Additionally, the court directed the parties to submit supplemental briefing on whether, in light of the court's ruling that Defendant owed Plaintiffs a duty to defend, Plaintiffs can reassert their normal bad faith claims after abandoning those claims at the first trial. Defendant filed a supplemental brief on July 18, 2012 (Doc. # 109), Plaintiffs filed their response on August 1, 2012 (Doc. # 111), and Defendant filed a reply (Doc. # 112) on August 8, 2012. In

Defendant's first supplemental brief (Doc. # 109), Defendant also included a request for relief. (Doc. # 109).

## I.    THE MOTION TO RECONSIDER[1]

In the first portion of Defendant's July 18, 2012 Brief, Defendant argues that the court erred in finding that it owed a duty to defend as a matter of law, the court construes Defendant's Brief in part as a motion to reconsider. Although the Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration, they are common enough in practice. However, reconsideration is "an extraordinary remedy which must be used sparingly." *Jackson v. Wesley*, 2011 WL 2144696, *1 (M.D. Fla. May 31, 2011). Rule 59 allows a party to move to alter or amend a judgment in a civil case. Fed.R.Civ.P. 59(e). *Serrano v. U.S.*, 411 Fed. Appx. 253, 254 (11th Cir. 2011) (citing Fed.R.Civ.P. 59(e)). Therefore, the court will construe Defendant's motion as one filed pursuant to Rule 59(e).

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Garrett v. Stanton*, 2010 WL 320492, *2 (S.D. Ala. 2010) (quoting *Gougler v. Sirius Products, Inc.*, 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005)); *see also Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. 2002). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs v. Tempu–Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). The moving party must do more than merely ask the court for a reevaluation of an unfavorable ruling.

---

[1] Before turning to the issues in this case, the court addresses a preliminary matter. With respect to Defendant's July 18, 2012 Brief regarding Plaintiffs' bad faith claim (Doc. # 109), Defendant labeled part of this filing as a Motion that judgment be entered in its favor. However, pursuant to the court's June 27, 2012 order (Doc. # 108), the court construes Defendant's filing – in part – as a supplemental brief on the issues remaining in its Motion for Judgment as a Matter of Law at the Close of Plaintiff's Case (Doc. # 88), and does not construe the filing regarding these issues as a separate motion itself.

"A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal citations and quotations omitted). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999).

> In the words of the Honorable William H. Steele of the Southern District of Alabama:
>
>> Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license to move for reconsideration, vacatur, alteration or amendment as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a "do-over" to erase a disappointing outcome. This is improper.

*Garrett*, 2010 WL 320492 at *2.

The issues raised in Defendant's Motion to reconsider have already been decided by the court. Defendant has not presented any newly-discovered evidence, nor has it presented any new arguments or persuaded the court that it made a manifest error of law or fact, which are "[t]he only grounds for granting [a Rule 59] motion." *In re Kellogg*, 197 F.3d at 1119. This is a classic case of a "do-over," and the rules simply do not permit Plaintiff to take a "mulligan." Therefore, Defendant's Motion (Doc. # 109) is due to be denied because proper grounds are not present for reconsideration under Rule 59.

The issues remaining in this case have been fully briefed. (*See* Docs. # 88, 101, 109, 111, 112). The following arguments are posed in Defendant's Motion for Judgment as a Matter of Law (Doc. # 88), which have yet to be ruled on: (1) Mohammed and Musa are precluded from asserting

3

bad faith claims; (2) Bashir's, Inc.'s bad faith claim is due to be dismissed because the facts are insufficient to establish such a claim; (3) Plaintiffs are not entitled to an award of punitive damages; and (4) Plaintiffs are not entitled to mental anguish damages. Additionally, the court must address whether, in light of the court's ruling that Defendant owed Plaintiffs a duty to defend, Plaintiffs may reassert their normal bad faith claims after abandoning those claims at the first trial (Doc. # 108). For the reasons stated below, Defendant's Motion for Judgment as a Matter of Law (Doc. # 88) is due to be denied in part and granted in part.

## II.   STANDARD OF REVIEW

Judgment as a matter of law is warranted when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "The court should review all the evidence in the record, draw all reasonable inferences in favor of the non-moving party, and disregard all evidence favorable to the moving party that the jury is not required to believe." *Akouri v. State of Fla. Dep't of Transp.*, 408 F. 3d 1338, 1343 (11th Cir. 2005) (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-150 (2000)). "Credence should also be given to 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses.'" *Akouri*, 408 F. 3d at 1343 (citing *Reeves*, 530 U.S. at 150-151). However, it is the task of the jury, not the court, "to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F. 3d 1183, 1186 (11th Cir. 2001) (citations omitted). Therefore, "[i]f reasonable jurors could reach different results, [this court] must 'not second-guess the jury or substitute [its] judgment for [the jury's] judgment." *Brochu v. City of Riviera Beach*, 304 F. 3d 1144, 1154-1155 (11th Cir. 2002) (citations omitted).

### III. DISCUSSION

#### A. Whether Mohammed and Musa can assert their bad faith claims

"As a general rule, Alabama law confines bad faith claims to situations where there is an insurance contract between the parties." *Jones v. General Ins. Co. of Am.*, 2009 WL 1537866, at *12 (S.D. Ala. May 29, 2009) (citing *Stewart v. State Farm Ins. Co.*, 454 So. 2d 513, 514 (Ala. 1984)); *see Preis v. Lexington Ins. Co.*, 508 F. Supp. 2d 1061, 1077 (S.D. Ala. 2007) ("the existence of an insurance contract between the parties" is required for bad faith claims based on a breach of the insurance contract). The Alabama Supreme Court has explained that "'a party cannot bring an action against an insurance company for bad-faith failure to pay an insurance claim **if the party does not have a direct contractual relationship with the insurance company**.'" *Jones*, 2009 WL 1537866, at *12 (citing *Williams v. State Farm Mut. Auto. Ins. Co.*, 886 So. 2d 72, 75-76 (Ala. 2003)) (emphasis added). Further, the Alabama Supreme Court has summarized the scope of the bad faith tort under Alabama law as follows:

> The tort of bad faith refusal to pay a claim has heretofore been applied only in those situations where a typical insurer/insured relationship existed; that is, where the insured or his employer entered into a written contract of insurance with an insurer and premiums were paid into a central fund out of which claims were to be paid. We are very hesitant to expand the tort beyond those narrow circumstances.

*Id*. (quoting *Peninsular Life Ins. Co. v. Blackmon*, 476 So. 2d 87, 89 (Ala. 1985)) (emphasis omitted); *see Berry v. United of Omaha*, 719 F. 2d 1127, 1128 (11th Cir. 1983) (explaining that Alabama law furnishes "insurance policy holders (but not third party beneficiaries) an action in tort, in addition to their contract action, against an insurance company that refused payment of a claim"). Therefore, Alabama law precludes third-party beneficiaries and any other non-parties to an insurance

contract from asserting the tort of bad faith against insurers. *See Jones*, 2009 WL 1537866, at *12-13; *Berry*, 719 F. 2d at 1128.

Notably, Plaintiffs have not provided any caselaw to the contrary. Plaintiffs seem to argue that because Mohammed and Musa could recover under the insurance policy, it follows that they can assert bad faith claims based on the policy. However, as described above, the ability to recover under an insurance policy is not the test for determining whether one can assert the tort of bad faith; to assert this claim, one must have actually entered into a written contract for the insurance policy with the insurance company. *See Jones*, 2009 WL 1537866, at *12*; Peninsular Life Ins. Co.*, 476 So. 2d at 89.

Here, there is no question that (1) the insurance policy was between Defendant and Bashir's, Inc., and (2) Mohammed and Musa were not parties to the contract.[2] (*See* Docs. # 25-1, # 25-2, # 25-6) (naming only Bashir's, Inc. d/b/a 40th Street Grocery as the insured). Absent any direct contractual relationship between Defendant and the individual Plaintiffs (Mohammed and Musa) and because the individual Plaintiffs were not parties to the insurance policy, the court concludes that Mohammed and Musa cannot assert bad faith claims against Defendant. *See Jones*, 2009 WL 1537866, at *12-13; *Williams*, 886 So. 2d at 75-76; *Peninsular Life Ins. Co.*, 476 So. 2d at 89. Accordingly, all of the bad faith claims asserted by Mohammed and Musa against Defendant are due to be dismissed with prejudice.

---

[2]The court notes that there is no evidence that Mohammed's participation in the execution of the insurance policy contract amounted to anything more than serving as a representative for the corporation.

### B.   Whether Bashir's, Inc.'s bad faith claims can proceed to trial

Defendant argues that Bashir's, Inc.'s bad faith claims should not be submitted to a jury because the facts are insufficient to establish these claims. Specifically, Defendant argues that the claims representative's conduct in denying coverage complied with industry standards and did not reflect a reckless indifference to the facts submitted by Plaintiffs. Defendant further argues that the undisputed evidence demonstrates that at the time it denied coverage, Nationwide had information that the deceased was an employee.

The court concludes that the facts do not support a finding *as a matter of law* that Bashir's, Inc. cannot assert their bad faith claims against Defendant. Whether Defendant committed bad faith in denying coverage is a factual dispute that must be resolved by the jury. Moreover, even if Defendant had reason to believe that the deceased was an employee, a plain reading of the Complaint in state court indicates that the deceased was referred to as an employee only in the alternative. Accordingly, Bashir's, Inc.'s bad faith claims are due to be resolved by a jury, and Defendant's Motion (Doc. # 88) is due to be denied to the extent it asserts that Bashir's, Inc. is precluded from asserting these claims.

### C.   Whether Plaintiffs may seek an award of punitive damages

Defendant contends that Plaintiffs have failed to provide clear and convincing evidence that punitive damages are warranted. Defendant's argument that Plaintiffs cannot recover punitive damages is conclusory, without any substantive argument. The court concludes that the facts are sufficient for a jury to award punitive damages, and thus the issue of punitive must be submitted to the jury. Defendant's argument against punitive damages (Doc. # 88) is therefore due to be overruled.

### D. Whether Plaintiffs may seek mental anguish damages

Defendant argues that Plaintiffs cannot recover damages for mental anguish. To the extent this argument is directed at Bashir's, Inc., Plaintiffs acknowledge that they are not trying to seek mental anguish damages on behalf of the corporation. Thus, Plaintiffs concede they have only sought mental anguish damages on behalf of the individual Plaintiffs. However, for the reasons stated above, the individual Plaintiffs may not pursue a claim for breach of contract or bad faith.[3]

### E. Whether Plaintiffs may reassert their normal bad faith claim

Defendant does not specifically address any factors that would preclude Plaintiffs from reasserting their normal bad faith claim. Defendant's argument regarding this claim focuses on its contention that (1) the facts are insufficient to support this claim being submitted to a jury and (2) that the court's ruling (and the jury's finding) that a duty to defend existed is incorrect. For reasons stated during the first trial and earlier in this Memorandum Opinion, that argument is off the mark. Defendant has not presented any argument that would preclude Plaintiffs from reasserting their normal bad faith claim at this point, *i.e.*, after withdrawing the claim at trial. Accordingly, the court concludes that Bashir's, Inc. may reassert their normal bad faith claim at trial.

---

[3]Moreover, and in the alternative, an award of mental anguish is generally not allowed for breach of contract claims under Alabama law. *Bowers v. Wal-Mart Stores, Inc.*, 827 So. 2d 63, 68 (Ala. 2001). There are certain exceptional circumstances under which mental anguish damages are warranted for breach of contract claims, such as when "it is highly foreseeable that egregious breaches of certain contracts – involving one's home or deceased loved one, for example – will result in significant emotional distress." *Ruiz de Molina v. Merritt & Furman Ins. Agency*, 207 F. 3d 1351, 1359-1360 (11th Cir. 2000). "[R]ecovery for mental anguish damages is permitted for breach of contract only in a narrow range of cases involving contracts which create especially sensitive duties, the breach of which cause highly foreseeable and significant mental anguish." *Id*. at 1361. The Eleventh Circuit concluded, analyzing Alabama law, that the narrow exceptions permitting mental anguish damages do not apply to insurance contracts. *See id*. at 1361. Relying on this analysis, the court concludes that, due to the absence of any exceptional circumstances suggesting that the breach of the insurance contract would result in highly foreseeable and significant mental anguish, recovery for mental anguish damages for the breach of contract claims is not permitted here.

## IV.     Conclusion

For the reasons discussed above, Defendant's Motion for Judgment as a Matter of Law (Doc. # 88) is due to be denied in part and granted in part, and Defendant's Motion to Reconsider (Doc. # 109) is due to be denied.  Additionally, the bad faith claims asserted by Plaintiffs Musa and Mohammed are due to be dismissed with prejudice.  The only remaining claims in this case to be submitted to a jury are Plaintiff Bashir's, Inc.'s normal and abnormal bad faith claims against Defendant.

**DONE** and **ORDERED** this ____22nd____ day of August, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE